1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                      EASTERN DISTRICT OF CALIFORNIA
10
11  METSUN TWO CARMICHAEL CA
    SENIOR LIVING, LP,
12                                      No. 2:08-CV-1258-MCE-KJM
              Plaintiff,
13
         v.                             TEMPORARY RESTRAINING ORDER
14
    RICHARD MARTINEZ,
15
              Defendant.
16
                              ----oo0oo----
17

18      This matter came before the Court on Plaintiff MetSun Two
19 Carmichael CA Senior Living, LP's ("MetSun") Motion for a
20 Temporary Restraining Order on June 12, 2008.  Eileen Diepenbrock
21 and Charlie Lee appeared on behalf of Plaintiff, MetSun.
22 Defendant, Richard Martinez did not appear at the hearing despite
23 receiving notice from MetSun of the hearing.
24      Plaintiff moves for a temporary restraining order
25 restraining Defendant Richard Martinez from taking any action to
26 harm certain real property, and improvements thereon, that is at
27 the center of the related case, *Martinez v. Martinez*, Docket
28 No. 2:08-cv-00426-MCE-KJM.

It appears from the record that Martinez's father and stepmother owned the real property in question and sold the property to MetSun in December of 2007. MetSun is currently constructing a senior housing facility on the property. MetSun now believes that Martinez will take some action to damage or destroy their construction site if this Court does not enter a temporary order restraining him or anyone else from doing so.

In the related case, Martinez is suing his parents with a complaint that is largely incomprehensible, but alleges twenty-eight causes of action including: obstruction of justice, embracery, real estate fraud, hate crimes, spoliation of evidence, larceny, and libel. Martinez's threats against MetSun appear to be in conjunction with this related case. It appears from the record that Martinez believes he had an interest in the property based on the fact he was not paid for construction work performed on his parents' restaurant and other properties owned by the family business. It also appears that Martinez will argue that because he was never paid for the work performed, that he somehow has an interest in the property.

The threats Martinez has made against MetSun are as follows:

- Sending the pleadings from the related case against his parents to MetSun.
- Leaving four voice messages for MetSun threatening to "bulldoze" the existing construction work if MetSun did not halt the construction.

///
///
///

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14

- Specifically, Martinez left one voicemail saying: "You need to stop the construction there.  I'm taking photographs of the construction and if you don't stop the work and you lose the lawsuit I'm going to bulldoze it and you're going to be responsible.  And I don't care if I win I don't care what's there.  I'm going to bulldoze it and I'm going to build the restaurant."
- Sending MetSun a notice to settle or be named as a co-defendant in the related case.
- Additionally, when Martinez received notice of the hearing date for this temporary restraining order, he left a voicemail for Plaintiff's counsel threatening to take civil and criminal action against her for pursuing the temporary restraining order.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and plaintiffs have the burden of proving the propriety of such a remedy by clear and convincing evidence. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 442 (1974).  In order to warrant issuance of such relief, certain prerequisites must be satisfied. Under the so-called "traditional" standard, an injunction may be had if the court determines that (1) the moving party will suffer the possibility of irreparable injury if the relief is denied; (2) there is a strong likelihood that the moving party will prevail on the merits at trial; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995).

1  Under the "alternative" standard, an injunction properly issues
2  when a party demonstrates either: (1) a combination of probable
3  success on the merits and the possibility of irreparable injury
4  if relief is not granted; or (2) the existence of serious
5  questions going to the merits combined with a balancing of
6  hardships tipping sharply in favor of the moving party.  *Id.*, *see*
7  *also Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d 562,
8  565 (9th Cir. 2000); *Earth Island Institute v. U.S. Forest*
9  *Service*, 442 F.3d 1147, 1158 (9th Cir. 2006).  The requirement
10 for showing a likelihood of irreparable harm increases or
11 decreases in inverse correlation to the probability of success on
12 the merits, with these factors representing two points on a
13 sliding scale.  *United States v. Nutri-cology, Inc.*, 982 F.2d
14 394, 397 (9th Cir. 1992).
15      The propriety of a temporary restraining order, in
16 particular, hinges on a significant threat of irreparable injury
17 (*Simula, Inc. Autoliv, Inc.*, 175 F.3d 716, 725 (9th Cir. 1999))
18 that must be imminent in nature.  *Caribbean Marine Serv. Co. v.*
19 *Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).
20      As to the question of immediacy, Martinez's statements are
21 inconsistent.  He threatens to "bulldoze" the work MetSun has
22 performed to date.  At one instance he threatens to bulldoze the
23 property if he wins the lawsuit, but in the same message he
24 states he does not care if he wins or loses the lawsuit, he is
25 going to bulldoze the property.  In light of the several messages
26 left by Mr. Martinez, this Court finds that the threat is
27 imminent.
28 ///

Plaintiff has met its burden of proof under both the traditional and the alternative tests.  The threatened injury is that Martinez will demolish the work performed on MetSun's property.  Although monetary damages may be available to MetSun, it appears that Mr. Martinez is probably a judgment-proof party.  Given that Mr. Martinez failed to oppose this application for the temporary restraining order and failed to appear at the hearing, this Court will accept as true that Martinez does not have sufficient funds to compensate MetSun for the damage he is threatening.  Further, any delays caused by Mr. Martinez bulldozing the property would likely result in delays to the construction which could cause irreparable injuries to MetSun, particularly in the current real estate market.

As to the likelihood of success on the merits, this factor also weighs in MetSun's favor because it appears that Martinez's claims are largely without merit.  Finally, the balance of hardships weighs in favor of MetSun.  If Mr. Martinez bulldozes the property, the delays to MetSun's construction will cause additional costs and expenses to MetSun and its contractors and subcontractors.

Based on consideration of the written and oral arguments of the parties it is hereby ordered that a temporary restraining order be entered, requiring that:

1.   Richard Martinez shall be restrained from taking any action that will harm MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608 and any improvements thereon;

///

1     2.   Richard Martinez shall be restrained and enjoined from
2 entering or ordering others to enter MetSun's property located at
3 5451 Fair Oaks Boulevard, Carmichael, California 95608 for the
4 purposes of injuring the property or improvements thereon, or
5 hindering and interfering with the ongoing construction
6 activities;
7     3.   Richard Martinez shall remain at least one hundred
8 (100) yards from the perimeter of MetSun's property located at
9 5451 Fair Oaks Boulevard, Carmichael, California 95608; and
10     4.   Richard Martinez shall cease any and all telephone
11 calls, facsimiles, e-mails or other forms of electronic
12 communications to any MetSun or Sunrise Senior Living,
13 Inc.-related entity or persons representing MetSun or Sunrise
14 Senior Living, Inc., including, without limitation, its counsel.

    IT IS SO ORDERED.
Dated: June 16, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE