```
 1
 2
 3
 4
 5
 6
 7
 8                     UNITED STATES DISTRICT COURT
 9                    EASTERN DISTRICT OF CALIFORNIA
10
11  METSUN TWO CARMICHAEL CA
    SENIOR LIVING, LP,                No. 2:08-cv-01258-MCE-KJM
12
              Plaintiff,
13
         v.                           ORDER
14
    RICHARD MARTINEZ,
15
              Defendant.
16
                            ----oo0oo----
17
18       Plaintiff MetSun ("MetSun") now moves for a Permanent
19  Injunction prohibiting Defendant Richard Martinez ("Martinez")
20  from taking any action to harm certain real property, and
21  improvements thereon, owned by MetSun.  On or about June 16,
22  2008, this Court issued a Temporary Restraining Order preventing
23  Martinez from interfering with MetSun's use of said property,
24  located at 5451 Fair Oaks Boulevard, Carmichael, California
25  95608.  Thereafter, on June 19, 2008, the Court held a hearing on
26  MetSun's request for a preliminary injunction at which personally
27  appeared.
28  ///
                                  1
```

At the conclusion of the hearing, the Court issued the preliminary injunction, but the terms of that injunction were never reduced to a formal order, apparently because default judgment was entered against Martinez on July 11, 2008. The present Motion for a Permanent Injunction was subsequently presented by MetSun in the wake of Martinez' default, since that was the relief ultimately sought in MetSun's Complaint.

Defendant Martinez has not opposed the instant Motion for permanent injunctive relief. According to MetSun's Further Statement in Support of its Motion for a Permanent Injunction, filed on or about January 30, 2009, MetSun's attempt to serve Martinez with the Motion, at the address where service or process upon him previously effectuated, was ineffective. Given that a default had already been taken against Martinez, however, that shortcoming does not preclude the Court, upon a showing of good cause, from entering the permanent injunctive relief sought by MetSun.

In evaluating the propriety of MetSun's request in that regard, a brief review of the underlying facts is helpful. The record before the Court, including the pleadings, affidavits, Grant Deed attached as Exhibit A to the Complaint and authenticated by affidavit of Susan Timoner, and statements made by Mr. Martinez before the Court on June 19, 2008, demonstrates that Martinez's father and stepmother owned the real property in question and sold the property to MetSun in December of 2007. MetSun is currently constructing a senior housing facility on the property.

///

In a case related to the matter presently before the Court, Martinez v. Martinez, No. 2:08-cv-00426-MCE-KJM, Martinez is suing his parents with a complaint that is largely incomprehensible, but alleges 28 causes of action including: obstruction of justice, embracery, real estate fraud, hate crimes, spoliation of evidence, larceny, and libel. The record before the Court, including Martinez's statements before the Court on June 19, 2008, indicates that Martinez believes he had an interest in the property based on the fact he was not paid for construction work performed on his parents' restaurant and other properties owned by the family business.

Martinez's threats against MetSun appear to be in conjunction with this related case. MetSun believes that Martinez will take some action to damage or destroy their construction site if this Court does not restrain him from doing so.

In issuing its Temporary Restraining Order against Martinez on June 16, 2008, the Court found that Martinez had made the following threats against MetSun:

- o Sending the pleadings from the related case against his parents to MetSun.
- o Leaving four voice messages for MetSun threatening to "bulldoze" the existing construction work if MetSun did not halt the construction.
- o Specifically, Martinez left one voicemail saying: "You need to stop the construction there. I'm taking photographs of the construction and if you don't stop the work and you lose the lawsuit I'm going to bulldoze it and you're going to be responsible.

|   |   | And I don't care if I win I don't care what's there. I'm going to bulldoze it and I'm going to build the restaurant." |
|---|---|---|

1               And I don't care if I win I don't care what's there.

        And I don't care if I win I don't care what's there. I'm going to bulldoze it and I'm going to build the restaurant."

- Sending MetSun a notice to settle or be named as a co-defendant in the related case.
- When Martinez received notice of the hearing date for this temporary restraining order, he left a voicemail for Plaintiff's counsel threatening to take civil and criminal action against her for pursuing the temporary restraining order.

The June 16, 2008 Temporary Restraining Order contained the following provisions:

1. Richard Martinez was restrained from taking any action that will harm MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608 and any improvements thereon;

2. Richard Martinez was restrained and enjoined from entering or ordering others to enter MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608 for the purposes of injuring the property or improvements thereon, or hindering and interfering with the ongoing construction activities;

3. Richard Martinez was ordered to remain at least one hundred (100) yards from the perimeter of MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608; and

///
///

1    4.   Richard Martinez was ordered to cease any and all
2         telephone calls, facsimiles, e-mails or other forms of
3         electronic communications to any MetSun or Sunrise
4         Senior Living, Inc.-related entity or persons
5         representing MetSun or Sunrise Senior Living, Inc.,
6         including, without limitation, its counsel.

Martinez violated the fourth provision of the Temporary Restraining Order by leaving two voice mail messages for MetSun's counsel and sending one facsimile to MetSun's counsel after notice of the Court's order granting the Temporary Restraining Order was served upon him. In those messages and facsimile, Martinez made further threats to take civil and criminal action against MetSun's counsel for pursuing MetSun's claims for injunctive relief. In one of his threats, Martinez stated that he did not care if MetSun's counsel wanted to put her license, career or life on the line.

In now seeking permanent injunctive relief in the wake of Martinez' default, MetSun must satisfy a four-factor test to qualify for such relief: 1) the existence of irreparable injury; 2) that monetary damages are inadequate to compensate for such injury; 3) that, upon balancing the hardships between the parties, the equitable remedy of an injunction is warranted; and 4) that the public interest would not be disserved by entry of a permanent injunction. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Irreparable harm has been found to exist under circumstances where a plaintiff stands to lose customers, goodwill and revenue as a result of actions taken by a defendant.

See, e.g., Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 841 (9th Cir. 2001). Courts have also granted injunctions to protect plaintiffs from threats or intimidation. See Planned Parenthood Assoc. Of San Mateo County v. Holy Angels Catholic Church, 765 F. Supp. 617, 619 (N.D. Cal. 1991). Here, if Martinez is not restrained from carrying out his threats as set forth above, MetSun and its affiliates may suffer irreparable harm in the form of loss of potential clientele to its planned senior living facility, adverse publicity that could affect the business and reputation of the facility, and potential dangerous conditions, including personal injury, that could result if Martinez' threats are carried to fruition. Significantly, too, damage to real property as threatened by Martinez is inherently deemed to be irreparable harm. See United States v. Imperial Irrigation Dist., 799 F. Supp. 1052, 1069 (S.D. Cal. 1992).

MetSun's interests also prevail when balancing the hardships. MetSun, not Martinez, is the legal owner of the property, having purchased it from Martinez' parents in 2007. In contrast to the significant harm to MetSun if Martinez' actions are not enjoined as discussed above, the injunction poses virtually no hardship to Martinez inasmuch as he will not be prevented from pursuing his claims against his parents in other cases, including the related case pending in this Court. Finally, the public interest is not disserved by a permanent injunction because the unhindered construction of a senior living facility meets an important community need, and because preventing destruction to property is also in the public interest.

Based on the foregoing, it is hereby ordered that a Permanent injunction issue requiring that:

1. Richard Martinez shall be restrained from taking any action that will harm MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608 and any improvements thereon;

2. Richard Martinez shall be restrained and enjoined from entering or ordering others to enter MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608 for the purposes of injuring the property or improvements thereon, or hindering and interfering with the ongoing construction activities;

3. Richard Martinez shall remain at least one hundred (100) yards from the perimeter of MetSun's property located at 5451 Fair Oaks Boulevard, Carmichael, California 95608;

4. Richard Martinez shall cease any and all telephone calls, facsimiles, e-mails or other forms of electronic communications to any MetSun or Sunrise Senior Living, Inc.-related entity or persons representing MetSun or Sunrise Senior Living, Inc., including, without limitation, its counsel and shall further be restrained from any in-person communications with any MetSun or Sunrise Senior Living, Inc.-related entity or persons representing MetSun or Sunrise Senior Living, Inc., including, without limitation, its counsel, other than in a court of law.

///

7

Judgment shall be entered accordingly since Plaintiff's complaint seeks solely injunctive relief. The Clerk is directed to close this file.

IT IS SO ORDERED.

Dated: March 10, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE